AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America | |
| v. | Case No. 2:25-MJ-04385-DUTY |
| Fortino Lugardo-Miranda, | |
| Defendant | |

**LODGED**
CLERK, U.S. DISTRICT COURT
7/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: MMC DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
07/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: KL DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Vanessa Ortega, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of July 18, 2022, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Vanessa Ortega*
Complainant's signature

Vanessa Ortega, Deportation Officer, ICE
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: July 15, 2025

*Alicia G. Rosenberg*
Judge's signature

City and state: Los Angeles, California

Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
*Printed name and title*

AUSA: Joseph W. Tursi (x3989)

**AFFIDAVIT**

I, Vanessa Ortega, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for FORTINO LUGARDO-MIRANDA ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER VANESSA ORTEGA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since February 2020. I am currently assigned to the Los Angeles Enforcement and Removal Operations field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about July 18, 2022, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on defendant's biometric fingerprint information that defendant was in the custody of the Los Angeles Police Department ("LAPD") at the Seventy Seventh St Jail. On or about that day, PERC lodged a DHS Immigration Detainer with LAPD. Defendant is not currently in custody with LAPD.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or about July 14, 2025, I obtained and reviewed DHS A-File A200-710-140 (the "DHS A-File"), which is maintained for the subject alien "Fortino Lugardo-Miranda." The DHS A-File contained the following documents and information:

   a. Various documents indicating that defendant is a native and citizen of Mexico. These documents included a copy of a Record of Sworn Statement in Proceedings Under Section 235(b)(1) of the Immigration and Nationality Act (the "Act"), Forms I-867A and I-831, dated June 17, 2010, in which defendant stated he is a citizen and native of Mexico.

   b. A Notice and Order of Expedited Removal, Form I-860, dated June 17, 2010, ordering defendant removed from the United States.

   c. An executed Notice to Alien Ordered Removed/Departure Verification, Form I-296, indicating that defendant was officially removed from the United States to Honduras on or around June 17, 2010 and a Warrant of Removal/Deportation dated August 26, 2020.  I know from my training and experience that a Form I-296 is executed when a subject alien is removed and excluded from the United States by ICE (or its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Form I-296 in the DHS A-File contained defendant's photograph, signature, and fingerprint.

  7. The DHS A-File does not contain any record of defendant ever applying for or receiving from the Attorney General or the Secretary of Homeland Security permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to lawfully re-enter the United States after deportation, and that if such documentation existed, it would ordinarily be found in the DHS A-File.

  8. Based on my training and experience, I know that when an individual is fingerprinted by ICE, or the former INS, the individual is issued a Fingerprint Identification Number ("FIN").  The FIN is then automatically associated with the individual's A-Number. In this case, the defendant's

fingerprints were assigned FIN 18688300, which was then linked to A-Number A200-710-140.

9.  On or about July 14, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with defendant's July 18, 2022, arrest and verified that the FIN associated with the IAQ was 18688300.  I thus confirmed that the individual arrested on July 18, 2022, was defendant, a previously removed alien.  I know this because the FIN listed in the IAQ (which is generated by a person's unique fingerprint) matched the FIN in documents in defendant's A-File indicating defendant had previously been deported and was not a U.S. Citizen.

10.  On or about July 14, 2025, I reviewed printouts of ICE computer indices relating to defendant.  Based on my training and experience, I know that ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Form I-296 in the DHS A-File.  The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

//

//

//

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 15th day of July
2025.

*Alicia G. Rosenberg*
_____
HON. ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE